1820.

Conn
v.
Penn.

———————

(CHANCERY.)

CONN *et al.* v. PENN.

In appeals to this court, from the Circuit Courts, in Chancery cases, the parol testimony which is heard at the trial, in the Court below, ought to appear in the record.

A final decree in equity, or an interlocutory decree, which, in a great measure, decides the merits of the cause, cannot be pronounced until all the parties to the bill, and all the parties in interest, are before the Court.

*March 14th.*    This cause was argued by Mr. *Pinkney*, and Mr. *Jones*, for the appellants, and by the *Attorney-General*, and Mr. *Sergeant*, for the respondent.

Mr. Chief Justice MARSHALL delivered the opinion of the Court. This is an appeal from a decree of the Circuit Court for the district of Pennsylvania, dismissing the bill of the plaintiffs.

Without going into the merits of the case, the counsel for the plaintiffs contend, that the decree ought to be reversed, because it appears to have been pronounced in part on parol testimony, which has not been introduced into the record, and because the decree was made when the parties interested were not all before the Court.

The laws of the United States have always proceeded on the supposition, that in revising decrees in Chancery, the facts, as well as the law, should be laid before this Court. The judiciary act, which directs that the mode of proof shall be by oral testimony, and that witnesses shall be examined, in open Court, also directs that a statement of facts shall be placed on the record. The act of 1802 leaves it to the discretion of the Courts in those States where testimony in Chancery is taken by depositions, to order, on the request of either party, the testimony of the witnesses to be taken by depositions.

The act of 1803 repeals those parts of the judiciary act which authorize a writ of error, and a statement of facts in Chancery cases; allows an appeal from the decrees of a Circuit Court sitting in Chancery; and directs that a copy of the bill, answer, depositions, and all other proceedings, of what kind soever, in the cause, shall be transmitted to this Court, and that no new evidence shall be heard.

1820.

Conn
v.
Penn.

Previous to this act, the facts were brought before this Court by the statement of the judge. The depositions are substituted for that statement; and it would seem, since this Court must judge of the fact, as well as the law, that all the testimony which was before the Circuit Court ought to be laid before this court. Yet the section which directs that witnesses shall be examined in open Court, is not, in terms, repealed.

The Court has felt considerable doubts on this subject, but thinks it the safe course to require that all the testimony on which the judge founds his opinion, should, in cases within the jurisdiction of this Court, appear in the record. The parties may certainly waive testimony by consent, but if this consent does not appear, it cannot be presumed; and where it is shown on the record that witnesses were examined in open Court, this Court cannot say how much the opinion of the Circuit Court was influenced, and ought to have been influenced, by their testimony.

In this case an interlocutory decree was rendered, which decided, to a great extent, the merits of the cause, at a time when one of the defendants named in the bill was not before the Court, and when it appeared that a person not made a defendant was deeply concerned in interest. This decree granted relief on certain conditions, to certain classes of the plaintiffs, and directed them to appear before commissioners, and to exhibit their proof that they came within the descriptions of persons who were entitled to relief. They refused to appear before these commis-

sioners; and upon the coming in of the report, stating this fact, their bill was dismissed with costs.

The object of this bill was to obtain conveyances from John and William Penn of certain lands which they were supposed to hold as tenants in common, and to which the plaintiffs asserted an equitable title. It was irregular to make the decree which was made respecting the title, until both the defendants were before the Court. But it is the fault of the plaintiffs that they were not. The bill prays conveyances of the legal title on the payment of so much money as was still due on certain principles on which they allege their equitable title to have been acquired. It was referred to commissioners to ascertain the amount of these sums, as well as to class the respective claimants according to the interlocutory decree. They refuse to appear before the commissioners, and to exhibit either their equitable titles, or to show the payments they have made. On what pretence can such plaintiffs claim the aid of a Court of Equity? What is a Court to do in such a state of things? Where a party asking its aid refuses to comply with the conditions on which that aid must depend, a Court is certainly correct in refusing its aid, and may dismiss the bill. But in such a case, we think it would be harsh to make the decree of dismission a bar to a future action. It is not certain that this decree is on such a hearing as to be a bar to a future action; and this point is not positively decided. It is unnecessary to decide it, because we think the interlocutory decree was irregular, and ought not to have been made until William Penn, a tenant in common

1820.

Conn
v.
Penn.

with John Penn, was before the court. The defen-
dants are left at liberty to proceed with their legal
title, and this must be sufficient to prevent the plain-
tiffs from practising unnecessary delays.

For the irregularities which have been stated, we
think the decree ought to be reversed, and the cause
remanded, that the proper proceedings may be had
therein.

DECREE. This cause came on to be heard on the
transcript of the record, and was argued by counsel.
On consideration whereof, this Court is of opinion,
that the parol testimony stated by the Circuit Court,
in the interlocutory decree, to have been heard at the
trial, ought to have appeared in the record, and that
the interlocutory decree ought not to have been pro-
nounced until William Penn was before the Court by
his answer, or otherwise. This Court is, therefore,
of opinion, that the decree of the Circuit Court for
the district of Pennsylvania, dismissing the bill of the
plaintiffs, ought to be reversed, and the same is here-
by reversed, and the cause is remanded, that farther
proceedings may be had therein, according to equity.
All which is ORDERED and DECREED accordingly.