## JERMAIN *vs.* WORTH and another.

Entries in the books of a bank, which was the former holder of a promissory note, made while it was such holder, are not admissible to show that it was paid when it became due, against one to whom it is subsequently transferred for value. Such entries are only equivalent to the oral declarations of a former holder.

MOTION to set aside the report of a referee.

The action was assumpsit on a promissory note by an indorsee against the maker and indorser. The note was made by the defendant Worth to the order of the other defendant, and by him indorsed, dated February 17, 1840, for $7000, payable three months from date, at the Watervliet Bank, was proved and read in evidence. Evidence was then given to charge the indorser, and the plaintiff rested.

By the defendants' evidence, it appeared that when the note became due, and for sometime afterwards, the Watervliet Bank was the holder, having discounted it. The defendant produced the books of the Watervliet Bank and the pass book of the maker of the note, proved that they were such, and offered to give parts of them in evidence, to prove that when the note matured the maker had funds on deposit to an amount more than sufficient to pay the note, that it was actually charged to his account at that time, and that on a subsequent settlement between him and the bank, this note being then entered to his debit, there was still a balance due him, and that when it was transferred to the plaintiff he had money on deposit to a greater amount than the note; and also that it had been actually paid to the bank after it fell due. The plaintiff's counsel objected to the evidence, as amounting to no more than the declarations of a former holder of the note. The referee held the evidence offered to be incompetent and excluded it, and eventually reported in favor of the plaintiff for the amount of the note.

*M. T. Reynolds*, for the defendants, moved to set aside the report, insisting that it had not been settled that where a note

over due had been transferred the declarations of the former owner could not be received. He referred to the reporter's note to *Paige* v. *Cagwin*, (7 *Hill*, 384.) But however that might be, he said that matters offered to be proved in this case were acts and not declarations merely.

*A. Taber*, for the plaintiff, relied upon *Paige* v. *Cagwin*, (7 *Hill*, 361,) and the cases there cited.

*By the Court*, WHITTLESEY, J. The material question in this case relates to the admissibility of the books of the Water-vliet Bank. The note in suit was at the time of its maturity, and for some time subsequently, the property of that bank. If the bank was plaintiff on this record it would have been competent for the defendant to prove—either payment of the note, or that the defendant had a balance in the bank to his credit, sufficient to pay it, or that it was charged to the maker's account when it matured, he having a balance of a sufficient amount to his credit—and in such a suit whenever the bank was plaintiff, the books of the bank would be admissible as evidence to prove any such facts. In such case the books of the bank and the entries in them would be deemed admissions on the part of the bank. The note now in suit was transferred to the plaintiff when it was over due, and as he, therefore, takes it subject to the equities between the maker and the bank who was the former holder, existing at the time of such transfer, it is competent for the defendant in this suit to prove either payment to the bank, or a set-off, or deposit, to an amount equal to the note, while the bank held it. But as there is now a different plaintiff, the evidence by which such facts can be proved is not the same as it would be in the case first supposed. When the person to whom payment is made is a party to the record, his admissions or declarations are admissible as evidence of the fact. But here another person has become the holder of the note and the plaintiff on the record, and the declarations or admissions of the former holder are not admissible against the present holder. It is as to him but mere hearsay; it is not the

best evidence that can be produced ; nor is it evidence having the sanction of an oath. The former holder himself must be examined. The cases upon the subject are conflicting, but I consider it settled by the adjudications in this state, that the declarations made by a former holder of a negotiable promissory note while he owned and held it, are not admissible against one to whom it was transferred for value after maturity. (*Beach* v. *Wise,* 1 *Hill,* 612 ; *Stark* v. *Boswell,* 6 *id.* 405 ; *Paige* v. *Cagwin,* 7 *id.* 361.) The entries in the books of the bank are only equivalent to the declarations or admissions of the bank who were the former holders of the note.

The difficulty I have in this case is in understanding precisely the offer of the defendants. If the books alone are offered, accompanied only by proof that they are the books of the bank, and to show the entries themselves and the time they were made, or, in other words, if the books are all the proof offered, unsupported by any oral proof, they were properly rejected beyond all question. But if the defendants proposed to prove by the oral testimony of witnesses that the entries in the books of the bank and the defendant's pass book were made while the bank owned the note, and they offered the books merely to show what the entries were, it is urged that the offer was proper and the testimony should not have been rejected. There is some ambiguity in the way the offer is stated, but taking it all together, I am compelled to come to the conclusion that the defendants proposed to introduce the books simply to prove the entries and time of making them ; and such being the case clearly the evidence was properly overruled. I think therefore the motion *to set aside* the report should be denied.

Motion denied.