APPLETON *et al. v.* ECAUBERT.

*(Circuit Court, E. D. New York.* March 12, 1891.)

DEPOSITIONS—CONSIDERATION OF EXCEPTIONS.

Where in a suit in the circuit court of the United States under Rev. St. U. S. § 4918, to have an interfering patent declared void, a special examiner, duly appointed, is taking depositions in Washington to be used in the suit, the examination will not be stopped on motion for the court to pass on exceptions to the evidence, so as to save expense. It is the rule of the court to allow the exceptions to be noted by the examiner so they may go to the supreme court in the record in case of appeal from the ruling of the circuit court thereon.

In Equity. Bill to avoid interfering patents.
*Church & Church*, for complainants.
*Francis Forbes*, for defendant.

LACOMBE, Circuit Judge. This is a suit in equity, brought under section 4918, Rev. St. U. S., which provides "that whenever there are interfering patents * * * the court [in such suit] * * * may adjudge and declare either of the patents void in whole or in part," etc. A special examiner to take testimony in the city of Washington, D. C., was duly appointed, and on the 27th and 28th days of January one William Burke, an examiner in the patent-office, was examined on behalf of the complainants, but not cross-examined; his further examination, together with that of other witnesses, being adjourned to await the determination of the motion now before the court. The examination of the witness Burke is directed to occurrences in the patent-office before the issue of the patent, and it is contended by the defendant that such testimony is collateral, irrelevant, and not pertinent to the issues raised in this case. It is the intention of the complainants, upon the completion of the deposition of Burke, to take further testimony of a similar character, and in the same way, viz., by depositions of witnesses called to testify before the special examiner.

The defendant applies for an order directing the suppression of the deposition of Burke, already taken, and further directing "the complainants or their counsel to desist from further questions of a similar character." The theory of the defendant is that, because the testimony which it is proposed to take "will consume considerable time in the taking, it would be a saving of expense to the parties to have the questions passed upon by the court prior to such examination." And, further, that it would be "just and fair to the defendant to pass upon the materiality of the questions propounded on the direct examination before the opportu-

nity to cross-examine the witness Burke has passed, thus enabling the defendant, if the court shall decide adversely to his contention, to cross-examine the said Burke fully, and also the other witnesses who may be produced, to show what occurred in the patent-office."

No authority for any such practice is shown. On the contrary, there is express authority of the supreme court condemning it. *Blease* v. *Garlington*, 92 U. S. 1. Undoubtedly the method of taking testimony in equity cases in the federal courts is expensive, and frequently produces voluminous records, filled with a great deal of testimony which any court to which it may be presented will disregard; but that system, cumbrous though it be, seems to have been expressly devised for a specific end, namely, that the record should be made so full that the court of last resort may not be compelled to send an equity case back for a new hearing. A historical review of this practice will be found in the case cited *supra*, and need not be repeated here. It is sufficient to say that under it the examiner is required to note the exceptions, but cannot decide upon their validity, and must take down all the examination in writing, and send it to the court with the objections noted; and when depositions in equity are taken according to the acts of congress, or otherwise under the rules, the same method applies. When the testimony is reduced to writing by the examiner, or the deposition is filed in court, further exceptions may be there taken. "Thus," say the supreme court, "both the exceptions and the testimony objected to are all before the court below, and come here upon the appeal as part of the record and proceedings there. If we reverse the ruling of that court upon the exceptions, we may still proceed with the hearing, because we have in our possession the rejected testimony." If the defendant's objections in this case were sustained, and his motion granted, and the supreme court should reach the conclusion that this court erred in such determination, it would have to remand the cause, in order that the suppressed deposition and the additional proof which the complainant desires to offer might be taken. That is what was done in *Connecticut* v. *Pennsylvania*, 5 Wheat. 424, which case was decided before the promulgation of the rules; but, as it is one of the objects of the sixty-seventh rule, in its present form, to prevent the necessity for any such practice, defendant's motion must be denied.