## FAYERWEATHER et al. v. RITCH et al.

### (Circuit Court, S. D. New York.   October 7, 1898.)

EQUITY PRACTICE—TAKING TESTIMONY—POWER OF COURT TO LIMIT.

Under the rules governing appeals in equity, requiring all the evidence, though excluded by the trial court, to be incorporated in the record on appeal, a circuit court has no authority to deny a party the right to take testimony because it deems such testimony irrelevant.

Motion to Strike Out Testimony.

Elihu Root, for the motion.
Roger M. Sherman, opposed.

LACOMBE, Circuit Judge.   Personally I do not think that the testimony objected to is relevant under the issues raised by the plea; but it is evident that complainants' counsel is of a different opinion, since he is putting his clients to considerable expense in putting it in.   It may be that he could persuade the appellate court to take his view of the issues; and if so, under the rule adopted by the supreme court, and construed in Blease v. Garlington, 92 U. S. 1, the testimony, although the judge of first instance deems it irrelevant, should be incorporated in the record.   It does not seem, therefore, that this motion should be granted.   The continued taking of this testimony would be a hardship to defendant, were it not that complainant has offered to stipulate that opposing counsel need not attend to register objections and reserve objections to the testimony, but may raise such objections after the testimony is taken, and before the record is made up for argument.   This certainly makes the archaic, cumbersome, and unsatisfactory method of taking testimony in equity in the federal courts as little of a burden to defendants as it can be made. In view of the decision in Blease v. Garlington, supra, this court seems powerless to afford any greater measure of relief.   The proffered stipulation is approved, and motion denied.