MAXIM–NORDENFELT GUNS & AMMUNITION CO., Limited, et al.
v. COLT'S PATENT FIREARMS MFG. CO.

(Circuit Court, D. Connecticut. July 5, 1900.)

No. 940.

EQUITY—TAKING TESTIMONY—OBJECTIONS TO EVIDENCE.

A federal court will not pass upon questions of the relevancy or materiality of evidence during the examination of a witness before an examiner on a motion to compel an answer, but the proper practice is for the answer to be taken, and incorporated in the record, together with the objection thereto, which will be reserved for final hearing.

In Equity.

Simon Sterne, for complainants.

W. A. Redding, for defendant.

TOWNSEND, District Judge. On motion to compel witness for defendant to answer the following question on cross-examination, namely:

"X-Q. 246. Please point out which of these prior patents and publications, if any, exhibit, in your opinion, the structure which you find set forth in claim 10 of Maxim patent, No. 459,828?"

Counsel for defendant objects to said question as irrelevant and immaterial, and as not proper cross-examination. It is not the practice in this circuit, so far as is known to this court, to pass upon questions of this character in the course of the examination of the witness. The usual procedure is for the witness to answer the question, and to have such answer preserved, and to have the question of the relevancy thereof reserved for final hearing. In Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521, the court held that, while the examiner could not decide objections to testimony, he must take down the whole examination in writing and note all exceptions. In Appleton v. Ecaubert (C. C.) 45 Fed. 281, Judge Lacombe, in passing on a motion similar to that made in this case, says that no authority for such practice is shown, and that Blease v. Garlington condemns it. And in Fayerweather v. Ritch, 89 Fed. 529, Judge Lacombe held that, even if the circuit court, on such a motion, should deem certain testimony irrelevant, it should yet be incorporated in the record. In view of these decisions and the settled practice the witness should answer the question, and his answer and the objections should be noted by the examiner. This ruling is not intended to apply to questions of personal privilege which may be raised by a witness. The motion is denied.