## NEW ENGLAND PHONOGRAPH CO. v. NATIONAL PHONOGRAPH CO. et al.

#### (Circuit Court, D. New Jersey. September 26, 1906.)

EQUITY—TAKING PROOFS—RIGHT OF WITNESS TO REFUSE TO ANSWER.

In general, a witness whose testimony is being taken orally before an examiner, under equity rule 67, cannot refuse to answer a question on the ground that the evidence called for is immaterial or irrelevant, although there may be cases where the evidence is so clearly outside the issues that he will be entitled to the protection of the court.

In Equity. On motion to compel witness to answer questions before examiner.

Ferguson & Ferguson (Robert D. Murray and J. Aspinwall Hodge, of counsel), for complainant.

Frank L. Dyer, for defendants.

LANNING, District Judge. The defendants called a witness before the examiner, and examined him for the purpose of supporting the plea which has been filed by one of the defendants. On cross-examination by the complainant the witness refused, under advice of counsel, to answer certain questions on the ground that the questions were immaterial and irrelevant. Application is now made by the complainant for an order requiring the witness to answer. The evidence is being taken under the provisions of equity rule No. 67.

In Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521, Mr. Chief Justice Waite said:

"Since the amendment of rule 67, in 1861, there could never have been any difficulty in bringing a case here upon appeal, so as to save all exceptions as to the form or substance of the testimony, and still leave us in a condition to proceed to a final determination of the cause, whatever might be our rulings upon the exceptions. The examiner before whom the witnesses are orally examined is required to note exceptions; but he cannot decide upon their validity. He must take down all the examination in writing, and send it to the court with the objections noted. So, too, when depositions are taken according to the acts of Congress, or otherwise, under the rules, exceptions to the testimony may be noted by the officer taking the deposition, but he is not permitted to decide upon them; and, when the testimony as reduced to writing by the examiner, or the deposition, is filed in court, further exceptions may be there taken. Thus, both the exceptions and the testimony objected to are all before the court below, and come here upon the appeal as part of the record and proceedings there. If we reverse the ruling of that court upon the exceptions, we may still proceed to the hearing, because we have in our possession, and can consider, the rejected testimony. But, under the practice adopted in this case, if the exceptions sustained below are overruled here, we must remand the cause in order that the proof may be taken. That was done in Conn. et al. v Penn., supra [5 Wheat. 424, 5 L. Ed. 125]; which was decided before the promulgation of the rules. One of the objects of the rule, in its present form, was to prevent the necessity for any such practice."

This language was approved in Nelson v. United States, 201 U. S., at page 114, 26 Sup. Ct., at page 365, 50 L. Ed. 673.

In Parisian Comb Co. v. Eschwege (C. C.) 92 Fed. 721, Judge Lacombe, after referring to Blease v. Garlington, said:

"It seems as if the information sought to be elicited were not essential to complainant's case, nor, indeed, relevant or material to the issues which, according to practice, will be first argued, viz., validity of patent, construction of claim, and infringement. Nevertheless this court is not the final arbiter as to whether the testimony is or is not immaterial, and, in view of the object intended by the amendment of the sixty-seventh rule, it should obtain and preserve the answers for the benefit of the appellate tribunal."

To the same effect see Maxim-Nordenfeldt Guns & Ammunition Co. v. Colt's Patent Firearms Mfg. Co. (C. C.) 103 Fed. 39; Appleton v. Ecaubert (C. C.) 45 Fed. 281; Fayerweather v. Ritch (C. C.) 89 Fed. 529. Cases may arise where it would be the duty of the court to protect a witness against an effort to secure information in violation of the witness's constitutional rights, or upon a point clearly outside of the issues raised by the pleadings. See Perry v. Rubber Tire Wheel Co. (C. C.) 138 Fed. 836; Dowagiac Mfg. Co. v. Lochren (C. C. A.) 143 Fed. 214.

In the present case, however, it does not clearly appear that the evidence sought to be elicited from the witness is immaterial, and, if there be any question of doubt whatever on the point, it should be taken so that, if there be an appeal, the court of appeals may have the evidence before it. It is clear that, under the authorities, the questions must be answered, and the objections thereto noted by the examiner. Such was the ruling in a somewhat similar case in this court by my associate in a memorandum in the case of Encyclopædia Britannica Company v. Werner Company et al. (filed January 2, 1906).

There will be an order requiring the witness to answer the questions.