### PITTSBURGH, C., C. & ST. L. RY. CO. v. GLINN.

(Circuit Court of Appeals, Sixth Circuit. November 12, 1913.)

#### No. 2,524.

1. COURTS (§ 405*)—CIRCUIT COURT OF APPEALS—FORM AND CONTENTS OF BILL OF EXCEPTIONS—RULE OF APPELLATE COURT.

Under rule 10 of the Circuit Court of Appeals for the Sixth Circuit (202 Fed. vii, 118 C. C. A. ix), which requires that the testimony of a witness be stated only in narrative form in the bill of exceptions, except that, "if either party desires it and the judge so directs, any part of the testimony shall be reproduced in the exact words of the witness," where the bill as presented includes the testimony in full by question and answer, if the defendant in error deems such form unnecessary he should object to the same, and if the bill is allowed in that form the record should show the judge's direction therefor.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1099, 1101, 1103; Dec. Dig. § 405.*]

In Error to the District Court of the United States for the Southern District of Ohio; John E. Sater, Judge.

Action at law by Annie B. Glinn, administratrix of Hugh A. Morford, deceased, against the Pittsburgh, Cincinnati, Chicago & St. Louis

---

Railway Company. Judgment for plaintiff, and defendant brings error. On motion to dismiss and to strike the bill of exceptions from the files. Denied.

Robert Ramsey, of Cincinnati, Ohio, for plaintiff in error.

Sherman T. McPherson, Joseph Lemkuhl, and Frederick J. Oeltman, all of Cincinnati, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. Motion is made to dismiss and to strike the bill of exceptions from the files because not settled in accordance with rule 10 of this court (202 Fed. vii, 118 C. C. A. ix), promulgated March 15, 1913, which requires that the testimony of a witness be stated only in narrative form, except that, "if either party desires it and the judge so directs, any part of the testimony shall be reproduced in the exact words of the witness." All of the testimony taken on the trial is included in the bill by question and answer. The salutary purpose of the rule is obvious. Only so much of the testimony should be included as is "essential to the decision of some one of the questions presented by the assignments of error," and the testimony so included should be presented in narrative form, unless in the judge's opinion the use of question and answer is necessary to the proper presentation of the questions raised. Good practice requires a notation to that effect where the entire testimony is included or reproduction of question and answer is made; otherwise plaintiff is likely to be at least penalized in respect of costs, as was done in Chesbrough v. Woodworth, 195 Fed. 875, 877, 887, 116 C. C. A. 465. In this case, such direction by the judge does not appear, although it, of course, may be that the judge thought the course actually taken necessary. It is not only the duty of plaintiff in error to observe the rule, but defendant in error should object upon the record to the inclusion of testimony or departure from narrative form deemed by him unnecessary. Such objection does not seem to have been made. It is not improbable that the rule was overlooked by both judge and counsel, as the bill was settled within a few months after the promulgation of our rule.

The motion will be denied, but without prejudice to the disposition of costs when the case is heard.