### In re GENERAL EQUITY RULE 75.

### In re OUR RULE 15.[1]

(Circuit Court of Appeals, Sixth Circuit. October 14, 1914.)

1. COURTS ⊜⟶356—FEDERAL COURTS—APPEAL—TIME FOR SETTLING AND FILING STATEMENT OF FACTS.

General equity rule 75 (198 Fed. xi, 115 C. C. A. xi) requires the appellant to file a præcipe indicating the portions of the record to be incorporated into the transcript on appeal, and provides that the evidence shall be stated in condensed form, that the duty of condensing and stating it shall rest on the appellant, who shall prepare his statement and lodge it in the clerk's office before filing his præcipe, and notify the other parties of the time, at least 10 days after the notice, when he will ask the court or judge to approve it, and that the statement shall be presented to the court or judge, and, if true, approved, or, if not true, made so under the direction of the court or judge, and that, when approved, it shall be filed and become a part of the record. Held that, while it is the better practice to have such statement settled and filed before claiming, or at least before perfecting, the appeal, and, if the term expires before it is filed, to have an order entered carrying the matter into the next term, the trial court has power to approve and direct the filing of the statement of evidence, though the term has expired, and though no order was entered carrying the matter over until the next term, especially as under the existing practice appeals are claimed and perfected regardless of the expiration of terms.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. ⊜⟶356.]

2. COURTS ⊜⟶356—FEDERAL COURTS—APPEAL—TIME FOR SETTLING AND FILING STATEMENT OF FACTS.

Under general equity rule 75 (198 Fed. xi, 115 C. C. A. xi), the perfecting of an appeal by the approval of a bond and the signing of a citation does not deprive the trial court of jurisdiction to settle the evidence, as the settlement of the evidence is rather ministerial, and pertains to the

---

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] For equity rule 15 for the Sixth Circuit, see 202 Fed. ix, 118 C. C. A. xi.

making of the return to the appeal, especially as the time may be wholly insufficient to perfect the record before the appeal is perfected.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. ⚖︎356.]

3. COURTS ⚖︎356—FEDERAL COURTS—APPEAL—RECORD—MATTERS TO BE IN-CLUDED.

In equity appeals, if counsel overlook general equity rule 75, and follow the old practice of including the evidence in full, the clerk, in making up the return to the appeal, should not include the evidence in full.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. ⚖︎356.]

4. COURTS ⚖︎356—FEDERAL COURTS—APPEAL—RECORD—VIOLATING RULES—REMEDY.

Where, contrary to general equity rule 75 (198 Fed. xi, 115 C. C. A. xi) the record contains the evidence in full in accordance with the old practice, the appeal will not be dismissed, nor will the evidence be stricken from the record, at least during transition in the general practice; a sufficient remedy being provided by rule 76, providing, relative to the inclusion in the transcript of immaterial papers, that for any infraction of that or "any kindred rule" the appellate court may withhold or impose costs as the circumstances of the case and the discouragement of like infractions in the future may require.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. ⚖︎356.]

In the matter of General Equity Rule 75 and Rule 15 for the Sixth Circuit. Rules construed.

PER CURIAM. Motions recently decided and others now pending involving these rules justify a formal statement of our conclusions.

[1, 2] Rule 75 fixes no time within which the statement of evidence must be settled and filed in order to "become a part of the record for the purposes of the appeal." Undoubtedly, the better practice is to complete this step before claiming, or, at least, before perfecting the appeal, and if the term expires before the final statement of evidence is filed, to enter an order carrying this matter into the next term; but where appeals are required within 30 days, or even within ten days, the time may be wholly insufficient to perfect the record in this respect, and the expiration of the term may very commonly be forgotten, particularly as it has never been a matter of importance in equity appeals. It is said that the completing of this statement of evidence corresponds to the settling of a bill of exceptions at law, and the familiar rule is invoked that a purported bill of exceptions which was not settled within the trial term or pursuant to a reservation during the trial term is a nullity and will be stricken from the record. We are not satisfied that the analogy is close enough to justify the incorporation of this harsh rule into the practice pursuant to rule 75, which must have been adopted with due consideration of the existing practice by which appeals were claimed and perfected regardless of the expiration of terms; and we conclude that the trial court has power to approve and direct the filing of the statement of evidence, although the

term has expired when the decree was rendered, and although no order was entered carrying the subject-matter over until the next term.

The same general view leads also to the conclusion that the perfecting of an appeal by the approval of a bond and the signing of citation does not deprive the trial court of jurisdiction to settle the evidence. It is true that for general purposes, jurisdiction over the cause is thereby ended, and that the shaping of this statement of evidence involves the decision by the judge of disputed claims; but, upon the whole, the proceeding is rather ministerial, and it sufficiently pertains to the making of the return to the appeal so that we think a statement of evidence so approved and filed cannot, for that reason alone, be stricken from the record.

[3, 4] Instances occur where rule 75 is wholly disregarded, and the return to the appeal includes the evidence in full, in accordance with the old practice, and we are asked to dismiss appeals where the record is so made up, or to strike out the statement of evidence, thereby leading to an affirmance. To send the record back for correction in this respect involves delay and the exercise of uncertain power; while, to dismiss the appeal or to strike all the evidence from the record may cause the loss of substantial rights through the blunder in practice by counsel. This drastic remedy may prove to be necessary in some cases, but we are reluctant to apply it now. The enforcement of both rules rests, primarily, upon the district judges, whose obligation we pointed out in Pittsburgh, etc., R. Co. v. Glinn, 208 Fed. 989, 126 C. C. A. 77; and we have no doubt that they will observe the new practice when approving a statement of evidence or bill of exceptions; but in equity appeals, if counsel overlook the rule and follow the old practice, the matter may not come to the attention of the trial judge. If such cases occur, the clerk who makes return to the appeal should not include the evidence in full, and his due attention will usually prevent informality in this respect. In those instances, however, where the record reaches this court containing the evidence in full, we think general equity rule 76 provides a remedy which, at least during the transition in the general practice, will be sufficient. The reference in rule 76 to "any kindred rule" quite clearly applies to rule 75. It is true that the offending solicitor in this situation is the solicitor for appellant, and that appellant pays, in the first instance, the entire cost of printing, so that if he is unsuccessful in this court, no disposition of the costs of printing can operate as a penalty, but if he is successful, he can be denied the recovery of such costs; and the further affirmative costs, contemplated by rule 76, might, in a proper case, be imposed upon the offending solicitors.