QUINN v. J. H. FAW, Inc.

(District Court, S. D. New York. July 8, 1916.)

PATENTS ☞328—INFRINGEMENT—AUTOMOBILE HEADLIGHT.

The Myers patent, No. 1,099,715, for an automobile headlight having one-half of the light bulb silvered, so as to deflect the rays of light to the opposite side of the reflector, thus intensifying the same and narrowing their field, together with means by which the driver can rotate the bulb to reflect the light in any desired direction, narrowly construed, as required by the prior art and the proceedings in the Patent Office, held not infringed.

In Equity. Suit by Nelson J. Quinn against J. H. Faw, Incorporated. On final hearing. Decree for defendant.

This is the usual suit in equity to enjoin infringement of the first four claims of a patent to H. A. Myers, No. 1,099,715. The invention relates to directing rays of light, projected forward by a reflector, particularly in connection with motor vehicles; the purpose being to increase the intensity and decrease any objectionable light dispersion. The apparatus described in the patent consists of silvering one hemisphere of the ordinary electric light bulb fixed in the approximate focal point of a projecting reflector. The result is that from the interior of the silvered part of the bulb the light is projected toward the opposite side of the reflector, thus reduplicating the rays which normally emanate from the light itself in the same direction, and reflecting both sets of rays from the reflector in the usual way. If the lower hemisphere of the bulb is silvered, all the rays of light will be reflected to the upper side of the reflector, and from it reflected downward upon the road; the result being to intensify the rays projected on the road and to obscure altogether those rays which would be reflected upward from the lower side of the re-

flector and into the eyes of passersby. There was also disclosed a method of rotating the lamp within the reflector. This rotation permits the driver in his seat to intensify any part of the projected cone of light and to cut off the opposite hemisphere of the cone. The first four claims are as follows:

"1. A headlight provided with a first forwardly directing reflector having its axis of projection forwardly, an incandescent bulb therein having a portion thereof silvered to reflect a portion of the rays from the light toward the first reflector for directing in a concentrated light field paternally of the axis of the first reflector, and means for adjustably mounting the bulb for determining the lateral direction of the light field projection.

"2. Deflectable light-projecting means embodying the combination with a first projecting reflector of a light therein having fixed therewith a second reflector directed toward the first reflector, and means for adjusting the reflectors relatively to each other, whereby a portion of the light field of the first reflector may be intensified at the sacrifice of other portions of the light field of the first reflector.

"3. Deflectable light-projecting means embodying the combination with a first projecting reflector of a light centrally disposed therein having fixed therewith a reflector directed to reflect rays from the light toward one side of the reflector, and adjusting means for the light for varying the direction of ray projection, whereby a portion of the light field of the first reflector may be intensified at the sacrifice of other portions of the light field of the first reflector.

"4. A dirigible headlight provided with a first forwardly directing reflector, a light bulb therein having a lateral portion thereof silvered to reflect rays of light toward the opposite side of the first reflector, and means for turning to determined positions the light bulb to change the direction of projection of rays by the first reflector."

The defendant's alleged infringing device consists of a silvered cap which fits over the bulb, holding it firmly in place. It obscures half of the bulb and may be placed or shifted to any desired location. This shifting, however, must be done by hand after opening the glass front of the reflector; it cannot be done from the driver's seat, and it cannot be done while the motor is moving.

The defenses are two: (1) Invalidity; and (2) noninfringement. The defense of noninfringement depends upon the theory that all the claims included some means of mechanically adjusting the obscured part of the bulb, and also that in each of the four claims the silvered hemisphere was an integral part of the bulb itself. In claims 1 and 4 the words relied upon for the last element are, "having a portion thereof silvered"; in claims 2 and 3 the words relied on are, "fixed therewith." The adjustable means also appear in each of the claims.

The plaintiff answers that the defendant's cap is in fact fixed to the bulb, and that it is also the equivalent of silvering a hemisphere; that the adjustable means is provided, because the operator may by hand shift the silvered portion to any angle that he desires. A discussion of the prior art and of this point of noninfringement appears in the opinion.

George E. Kirk, for plaintiff.
R. C. Mitchell, of New York City, for defendant.

LEARNED HAND, District Judge (after stating the facts as above). Whether it would have been invention to combine the bulb reflector of Sachs, 1,069,035, or Miller, 486,729, with a large reflector, is an academic question, in view of the file wrapper, as I shall show; but it is important to observe that Miller actually disclosed the whole combination as used by the defendant in lines 54–56 of his patent, which reads as follows:

"By this means I can use any style of globe reflector upon the fixture with my improved shade, without one interfering with the other."

Miller's shade was especially arranged to be shifted about by hand to any radial angle. It is true that Miller speaks of a "globular reflector," but there is nothing in the patent which confines it to parabolic reflectors, and indeed the section shown in the diagram is of a globular reflector. I can hardly see anything in the patent, if the disclosed means of adjustment be omitted, except a new use for the combination disclosed by Miller, and I think it would be invalid.

. However, as I have said, this consideration is academic, because, whether the reference in Miller's specifications was enough to anticipate the invention so construed, it is clear that the examiner thought the combination of Sachs (and Miller was in fact even a better reference) with an ordinary reflector did not constitute invention. This he said in the action of Februaary 13, 1914. This position of the examiner was answered on March 5, 1914, by the suggestion that Sachs' bulb reflector was a separate piece, and the applicant made appropriate changes in the claims to confine them to bulb reflectors which were inseparable. From that time on the examiner abandoned reference to Sachs, obviously upon the understanding that the changes in the claims had limited them to' a form in which the bulb reflector was not of the Sachs type.

This is in itself enough to put the defendant's bulb reflector out of the claims. Judge Killitts held, and I agree with him, that the word "silvered," in claims 1 and 4, was intended literally, especially when used in apparent distinction with the term "fixed therewith"; but possibly he had not before him the file wrapper, from which it appeared that "fixed therewith" was also used to avoid exactly the kind of device employed by the defendant. In any case I cannot doubt that this was its purpose; indeed, it was implied to be the purpose in the applicant's own letter of March 5, 1914, as already quoted.

The patent did not issue, however, even then. The examiner still thought that the mere combination of a silvered bulb (e. g., Waters, 265,475) with a large reflector (such as Hewling, 984,480) was not invention. He did allow, however, claims 2, 3, 4, and 5, which contained as an element means of adjustment, and disallowed a claim which was just the same, except for the omission of the means for adjusting the reflectors relatively to each other. This shows conclusively, especially when coupled with his comments, that he did not mean to allow the patent, except when the adjusting means was added. This conclusion is, indeed, fortified, if necessary, by his allowance of the disallowed claim when the adjustment was added.

Thus we see that the element of adjustability was in the examiner's mind necessary to the invention as granted. Now the patentee seeks to supply that element in the defendant's device by suggesting that the ability to shift the bulb reflector by hand makes it adjustable. In so doing he seeks to avoid the first limitation which he accepted; i. e., that the bulb reflector must be fixed to the bulb. Not until he assented to that limitation would the examiner abandon his position that Sachs was a good anticipation. After he had, then the examiner, confining himself to Waters, a silvered bulb, suggested new difficulties, which were finally overcome. The necessary result is that the patent ac-

cepted both limitations: First, that the bulb reflector should be fixed; second, that it should be adjustable. The invention patented is therefore shown to be exactly what the words of the claim would normally mean; i. e., a bulb reflector integrally connected with the bulb, yet capable of adjustment with the large reflector. That the defendant has not. This is not a harsh interpretation of the patent, because it is precisely the scope to which the patentee by degrees chose to limit it in order to get a patent at all. There is no injustice in holding him to his deliberate bargain.

The case is the common one in which the applicant assents to conditions imposed in the Patent Office, and then, having got his patent, tries to expand it to cover exactly what he agreed it should not. Such a game of hide and seek the courts have always refused to allow. He had his remedy by appeal, and only by appeal, if the examiner was wrong.

Bill dismissed, with costs, for noninfringement.