GARLAND et al. v. QUINN.

(Circuit Court of Appeals, Sixth Circuit. May 8, 1917.)

No. 2991.

1. PATENTS ⬅️328—INFRINGEMENT—LIGHT CONTROLLER FOR AUTOMOBILES.

The Myers patent, No. 1,099,715, for a light controller for automobiles, consisting of a light bulb having one-half its surface silvered to reflect

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the light against the main reflector, thus increasing the intensity of the rays, with means for rotating the bulb from the driver's seat, so as to turn the rays so reflected in any desired direction, *held* not infringed by a device in which the bulb can only be manually turned or adjusted

2. PATENTS ⊕➡168(2)—CONSTRUCTION—PROCEEDINGS IN PATENT OFFICE.

A patentee, who has acquiesced in the ruling of the patent office limiting his claims by the inclusion of certain elements, is estopped to claim the broader construction, which he has abandoned.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 244.]

3. COURTS ⊕➡356—RECORD ON APPEAL—APPROVAL BY TRIAL JUDGE.

The failure of an appellant to present his statement of the evidence to the trial judge for approval, as required by equity rule 75 (198 Fed. xi, 115 C. C. A. xi), will be disregarded (except as to costs), where it otherwise appears that the transcript is complete and accurate, and the decision on the merits would be the same, whether or not the testimony is considered.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937.]

4. COURTS ⊕➡356—RECORD.

The failure of an appellant to state the evidence in the record on appeal in narrative form, as required by equity rule 75 (198 Fed. xi, 115 C. C. A. xi), does not affect the appeal, but subjects him to the imposition of costs.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937.]

Appeal from the District Court of the United States for the Northern District of Ohio; John M. Killits, Judge.

Suit in equity by Nelson J. Quinn against Edward Garland and the Federal Sign System Electric Company. Decree for complainant, and defendants appeal. Reversed.

O. C. Billman, of Cleveland, Ohio, for appellants.
Geo. E. Kirk, of Toledo, Ohio, for appellee.

Before KNAPPEN and DENISON, Circuit Judges, and SATER, District Judge.

KNAPPEN, Circuit Judge. Suit for infringement of United States patent No. 1,099,715 to Myers, June 19, 1914, on light controllers. The device of the patent is specially adapted to automobiles; its objects are to increase light intensity and decrease objectionable light dispersion. These objects are accomplished by silvering the lower portion (about one-half) of the ordinary electric light bulb seated in the usual spherical or parabolic reflector, whereby the light is projected from one side of the silvered part of the bulb, acting as a reflector, toward the opposite side of the main reflector, thus increasing the intensity of the rays which normally proceed from the light itself in the same direction. When the silvered portion of the bulb is in the usual lower position, the light is reflected therefrom upward to the main reflector and thence downward upon the road, and approaching drivers and pedestrians relieved from confusion due to blinding rays otherwise projected upward from the lower side of the main reflector. The patent also discloses a method whereby the lamp, having a rotatable stem mounted in the main reflector, may be rotated by the driver from the seat, and the

⊕➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

silvered and reflecting portion of the bulb adjusted "for such finding position as desired, as in turning corners." The patent contains five claims. The District Court held the first, second, third, and fourth claims valid, and the second and third infringed, and as to the last-mentioned claims entered the usual interlocutory decree for injunction and accounting. Defendant alone appeals. The claims here in issue are printed in the margin.[1]

[1] The alleged infringing device consists of a white semispherical light-reflecting adjustable shell, adapted to use by being manually pressed into place upon the bulb, in such position as to shield its lower half. Claims 1 and 4 were held not infringed, because in the opinion of the District Judge each of those claims is limited to "the use of the silvered and immovable coating, as a nonreflecting surface on the incandescent bulbs." The second and third claims were thought to be infringed, because in the court's opinion broad enough to include the detachable shells, and because the shells were capable of adjustment on the bulbs, and when used in connection with parabolic reflectors were capable of downward reflection and forward projection, or lateral deflection, at the will of the operator.

The alleged infringing device differs, however, from the disclosure of the patent in these respects: The electric light bulb is incapable of rotation in the socket of the main reflector except manually and after releasing a set screw which normally prevents rotation; and it has no means for adjusting, from the driver's seat, the bulb reflector and the main reflector relatively to each other, and thus for varying the direction of ray projection. As used in the bullet headlight, which is the alleged infringing use, this result can be accomplished only by manually opening the glass front of the headlight, manually releasing the set screw mentioned, and then manually turning the bulb in its socket; or, after releasing another series of set screws securing the main reflector to the rim of the glass front, manually detaching the adjustable shell from, or turning it upon, the glass bulb, and readjusting it manually in the desired position. Manifestly the method first stated would be the natural one. This adjustment thus cannot be effected from the driver's seat or while the automobile is in motion. The pivotal question is whether this capacity for manual adjustment responds to the call in the claims for "deflectable light-projecting means," "means for adjusting the reflectors relatively to each other," and "adjustment means for the light in varying the direction of ray projection."

[1] "2. *Deflectable light projecting means embodying the* combination with a first projecting reflector of a light therein having *fixed therewith* a second reflector directed toward the first reflector, and means for adjusting the reflectors relatively to each other whereby a portion of the light field of the first reflector may be intensified at the sacrifice of other portions of the light field of the first reflector."

"3. *Deflectable light projecting means embodying the* combination with a first projecting reflector, of a light centrally disposed therein having *fixed therewith* a reflector directed to reflect rays from the light toward one side of the first reflector, and adjusting means for the light for varying the direction of ray projection whereby a portion of the light field of the first reflector may be intensified at the sacrifice of other portions of the light field of the first reflector."

[2] We are convinced that it does not, after careful consideration of the specifications, in connection with the Patent Office history of the application. The application encountered many difficulties in the course of its allowance. As originally presented it contained nine claims. The first five entirely omitted the elements of deflectability, means for adjusting the reflectors relatively to each other, and for varying the direction of ray projection. All five were rejected on reference to the prior art. Claim 1 was subsequently allowed, and became present claim 1, but only after the inclusion of the element "and means for adjustably mounting the bulb for determining the lateral direction of the light field projection." Original claims 6 to 9 contained reference to adjusting means. They were allowed, and became, respectively, claims 2 to 5, inclusive, but only after amendment, which in case of present claims 2 and 3 consisted in the insertion of the words we have italicized in the claims as printed in the margin. Present claims 1 and 4, as allowed, contained amendments of a somewhat similar nature. It seems clear that the examiner regarded the inclusion of the elements of adjustability, deflectability, and dirigibility as essential to the allowance of the claims; that he would not have allowed them, except as they contained such elements; that the applicant so understood, and consciously acquiesced in the express inclusion of such elements. This being so, he is estopped to claim the broader construction which he thus abandoned. Campbell v. American Shipbuilding Co. (C. C. A. 6) 179 Fed. 498, 103 C. C. A. 122; 20 Century Heating, etc., Co. v. Taplin, etc., Co. (C. C. A. 6) 181 Fed. 96, 104 C. C. A. 156. The claims plainly do not cover the mere use of a partially silvered or partially screened lamp (regardless of adjustability), whether such silvering or screening is integral or nonintegral with the bulb, or whether nondetachable or detachable.

We cannot think that a capacity for adjustment by manually removing the shell from the bulb and manually replacing it in another position is the equivalent of the means for adjusting and deflecting within the proper interpretation of the claims in question. Such capacity for manual adjustment would be of little practical value. In our opinion the means called for by the claims are operative means; manual means are mechanical only. This conclusion is fortified by the decision of Judge Learned Hand in a case brought by this plaintiff for infringement of the patent here in suit (Quinn v. Faw [D. C.] 235 Fed. 166), which has been affirmed by the Circuit Court of Appeals for the Second Circuit.

[3] A question of practice remains to be considered: The record does not show that the trial judge ever settled or approved the statement of the evidence (which was taken in open court), as required by general equity rule 75 (198 Fed. xi, 115 C. C. A. xi) and the statement seems not to have been presented to the judge for approval. Furthermore, the record shows a "lodging" but not affirmatively the actual filing, of the testimony with the clerk of the District Court, as provided by the same rule, and on the argument in this court appellee urged that the case was not properly before us.

So far as appellee's rights are concerned, this suggestion is without

merit; there seems no reason to doubt that the transcript is complete and accurate; it seems to have been treated as filed; the ninth item in appellant's præcipe for transcript is "the complete transcript of proceedings at hearing on October 11, 1914"; counsel stipulated that the transcript of record on appeal should include only the documents, orders, and proceedings referred to in the præcipe for transcript mentioned, and that the complainant's two physical exhibits representing the "bullet headlight" and defendant's device should be sent up to this court; the clerk's certificate states that the transcript contains "full and complete copies of the papers enumerated" in the præcipe.

[4] The rule relating to the putting of the testimony in narrative form does not seem to have been abused, for the testimony (one witness for each party) consists of less than 26 pages, and it is not clear that reduction to narrative form would have been desirable; but, if so, that consideration could readily be taken care of in the award of costs (see our opinion In re General Equity Rule 75 and In re Our Rule 15, 222 Fed. 884, 138 C. C. A. 574; Chesbrough v. Woodworth [C. C. A. 6] 195 Fed. 875, 877, 887, 116 C. C. A. 465), and the objection was not suggested until the final hearing in this court. However, our conclusions on the merits would be the same, whether or not the testimony taken below is considered, for the admission of the Patent Office history is covered by the stipulation of the parties; the complete transcript of the same, as well as an abstract thereof, having been actually filed in the court below; their presence here is thus in no way dependent upon the settlement by the trial judge of the testimony taken orally before him. In these circumstances, we think a denial to appellants of recovery for the costs of preparing and printing the transcript of testimony so taken in open court (pages 19 to 44, inclusive, of the record) will satisfy the requirement of the rules, without injustice to appellee.

The decree of the District Court, finding infringement of claims 2 and 3, and awarding injunction and accounting with reference thereto, is reversed, and the record remanded to that court for further proceedings not inconsistent with this opinion. Appellants will recover their costs of this court, except the item above mentioned.