## STRUETT v. HILL.

(Circuit Court of Appeals, Ninth Circuit. October 11, 1920.)

No. 3539.

1. **Courts ⟨⇒356—Bill of exceptions not proper to present evidence on equity appeal in federal court.**
The common-law bill of exceptions is not the proper mode to present the evidence in an equity appeal, but the practice on such appeal is regulated by the equity rules adopted by the Supreme Court.

2. **Courts ⟨⇒356—Statement of evidence for equity appeal can be approved after expiration of term.**
Equity rule 75 (198 Fed. xl, 115 C. C. A. xl), regulating the mode of preserving evidence on appeal, was adopted with consideration of the existing practice, by which appeals were claimed and permitted, regardless of the expiration of terms, so that the expiration of the term at which the decree was rendered does not deprive the trial court of power to approve and direct the filing of the statement of evidence.

3. **Courts ⟨⇒356—Approval of appeal bond does not prevent subsequent approval of statement of evidence.**
The power of the District Court to settle a statement of evidence on an appeal in equity, equity rule 75 (198 Fed. xl, 115 C. C. A. xl), not limiting time for settlement of statement of evidence, is not lost by the previous approval of the appeal bond and signing of the citation.

In Equity. Suit by Kathryn Struett, formerly Kathryn Smith, against Harry B. Hill. From a decree for the defendant, the complainant appeals. On motion by appellant for an order, directed to the United States District Judge, requiring him to show cause why he should not approve the record of the evidence and proceedings. Motion granted.

The complainant moves the Circuit Court of Appeals for an order, directed to the United States District Judge at Tacoma, Wash., requiring him to show cause why he should not approve the record of the evidence and proceedings in the above-entitled cause as tried before him in equity, and, if the evidence and record lodged with the clerk by appellant be not complete for the purpose of the appeal, that the same shall be so made under the direction of the District Judge. The motion is based upon these facts:

The case was tried in the District Court on October 29, 1919, and on November 20, 1919, decree was entered against complainant. Thereafter, on May 18, 1920, the District Judge allowed an appeal to the Circuit Court of Appeals upon the filing of a petition for appeal, bond, assignment of errors, and citation. At the time of perfecting the appeal, as above set forth, complainant had not filed with the clerk of the District Court any statement of the evidence as contemplated by rule 75 of the Equity Rules of October, 1912 (198 Fed. xl, 115 C. C. A. xl). Thereafter, on June 10, 1920, appellant filed with the clerk of the District Court a motion praying for settlement of the record in the cause and for relief from any default for failure to lodge the record with the clerk before the allowance of the appeal. This motion was served upon counsel for appellee, and after hearing the judge denied the motion and refused to

approve the record, because the same had not been filed within 10 days after the entry of the decree in said cause, or within any extension of time allowed by the court. The solicitor for appellant includes in his motion the statement that prior to the argument of the motion complainant tendered appellee in open court a full and true transcript of the testimony certified by the court reporter.

Appellee objects upon the ground of lack of jurisdiction in this court, and sets forth that no effort was made to present for settlement a statement or bill of exceptions until more than 6 months after the entry of the final decree, and that no extension of time was granted within which to settle the bill of exceptions. Lack of diligence is also urged.

Wm. P. Lord, of Portland, Or., for appellant.

Roberts & Skeel and L. B. Schwellenbach, all of Seattle, Wash., for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge (after stating the facts as above). Rule 75 of the Equity Rules makes it the duty of the appellant to file with the clerk of the court in which the appeal is prosecuted a præcipe for the portions of the record to be incorporated in the transcript on appeal, and requires the appellee, if he shall desire an additional portion of the record incorporated, to file with the clerk a præcipe within 10 days unless the time shall be enlarged by the court or judge. The rule also prescribes how the evidence shall be included and puts the duty of condensing and stating the evidence primarily upon the appellant, "who shall prepare his statement thereof and lodge the same in the clerk's office for the examination of the other parties at or before the time of filing his præcipe under paragraph 'a' of the rule."

Appellant is required to notify the other parties of such lodgment, and of a time and place when he will ask the court or judge to approve the statement, the time so made to be at least 10 days after such notice. At the expiration of the time named, or such further time as the court or judge may allow, "the statement, together with any objections made or amendments proposed by any party, shall be presented to the court or judge, and if the statement be true, complete, and properly prepared, it shall be approved by the court or judge; and if it be not true, complete or properly prepared, it shall be made so under the direction of the court or judge, and shall then be approved. When approved it shall be filed in the clerk's office and become a part of the record for the purposes of the appeal." In case of differences between the parties concerning directions or general contents of the record prepared on appeal, they shall be submitted to the court or judge, and shall be covered by directions which the court or judge may give on the subject.

It will be noticed that rule 75 fixes no time within which the statement of the evidence must be settled and filed in order to become a part of the record for the purposes of the appeal. The Court of Appeals for the Sixth Circuit, in General Equity Rule 75, 222 Fed. 884, 138 C. C. A. 574, said that while it is a better practice to complete such a step before perfecting the appeal, and if a term of court should expire

before the final statement of evidence is filed, to enter an order carrying the matter into the next term, nevertheless, it might be that the time would be wholly insufficient to perfect the record during the term, and the expiration of the term might often be forgotten, as it was not regarded as a matter of importance in equity appeals. This construction seems most reasonable.

[1] The common-law bill of exceptions is not the proper way to present the evidence in an equity appeal. The practice is regulated by the equity rules adopted by the Supreme Court. Ex parte Story, 12 Pet. 339, 9 L. Ed. 1108; Johnson v. Harmon, 94 U. S. 371, 24 L. Ed. 271; Buessel v. United States, 258 Fed. 811, 170 C. C. A. 105.

[2] We are in agreement with the view of the court in the case heretofore cited that rule 75 was adopted with due consideration of the existing practice by which appeals were claimed and permitted, regardless of the expiration of terms, and that the trial court has power to approve and direct the filing of the statement of evidence, although the term has expired when the decree was rendered, and no order has been entered carrying the subject-matter over until the next term.

[3] We do not think the power to settle the evidence is lost by the District Court, although there has been an approval of a bond on appeal and a citation has been signed. "It is true," said the Court of Appeals in the case cited, "that for general purposes jurisdiction over the cause is thereby ended, and that the shaping of this statement of evidence involves the decision by the judge of disputed claims; but, upon the whole, the proceeding is rather ministerial, and it sufficiently pertains to the making of the return to the appeal, so that we think a statement of evidence so approved and filed cannot, for that reason alone, be stricken from the record."

In United States v. Great Northern Railway Co., 254 Fed. 522, 166 C. C. A. 80, we held that, in an action in equity to cancel a patent, a motion to strike what was termed a bill of exceptions from the record was without merit, and said:

"A statement of the evidence, with the approval of the judge, is all that is required in an equity cause, where an appeal is to be prosecuted. Federal Equity Rule 75 (198 Fed. xl, 115 C. C. A. xl). An approved statement of the evidence is really what was filed in the present case, and not a bill of exceptions." Westermann Co. v. Despatch Printing Co., 233 Fed. 609, 147 C. C. A. 417.

It is clear that no rule of the District Court can conflict with the rules of the Supreme Court. It being our opinion that the District Court had not lost jurisdiction merely because the record was not filed within 10 days after the entry of decree, or within any extension granted, the order to show cause must be granted, and will issue accordingly.

Motion granted.