### In re JEWELL ELECTRICAL INSTRUMENT CO.

### MACHINISTS' SUPPLY CO. v. JEWELL ELECTRICAL INSTRUMENTS CO. et al.

(Circuit Court of Appeals, Seventh Circuit. September 28, 1922.)

No. 2972.

Bankruptcy &#8860;463—Appellees held not required to preserve evidence on which hearing was had in the record to sustain order appealed from.

On appeal from an order confirming a composition and discharging the bankrupt by a creditor who filed objections to the composition, in which the record did not show any challenge of the prima facie sufficiency of objector's specifications of objections by demurrer or motion to strike, the appellees were not required to preserve the evidence upon

which the hearing was had, in the record, to sustain the order; there being no presumption of error in view of equity rules 46 (xxxi) and 75 (33 Sup. Ct. xl).

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of the Jewell Electrical Instrument Company, bankrupt. Petition for confirmation of composition accepted by the Russell Specialty Manufacturing Company and other creditors, to which the Machinists' Supply Company filed objections. From an order confirming composition and discharging the bankrupt, the objector appeals. Affirmed.

Jacob G. Grossberg, of Chicago, Ill., for appellant.
Frank Schoenfeld, of Chicago, Ill., for appellees.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

BAKER, Circuit Judge. This is an appeal from an order confirming a composition and discharging the bankrupt. Appellant's contention for reversal is bottomed on an assignment that the court erred in holding that appellant's specifications of objections to the proffered composition were "insufficient on their face."

The record shows the bankrupt's petition for confirmation of the composition, appellant's objections, and the following orders respecting the composition and the objections:

"An application for the confirmation of the composition offered by the bankrupt having been filed in court, and it appearing that the composition has been accepted by a majority in number of creditors whose claims have been allowed and of such allowed claims, and the consideration and the money required by law to be deposited having been deposited, as ordered in such place as was designated by the judge of said court and subject to his orders, and it also appearing that it is for the best interests of the creditors, and that the bankrupt has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to its discharge, and that the offer and its acceptance are in good faith and have not been procured by any means, promises, or acts contrary to the acts of Congress relating to bankruptcy [Comp. St. §§ 9585–9656], it is therefore ordered that said composition be and it hereby is confirmed."

"This matter coming on to be heard upon the specifications of objections to confirmation of composition herein, the court being fully advised in the premises, it is ordered that said objections be, and they hereby are, overruled, and that the referee's report on the petition for confirmation of composition be, and it hereby is, approved."

The record fails to show that any challenge of the prima facie sufficiency of appellant's specifications of objections was made by demurrer or motion to strike either by the bankrupt or by the court on its own initiative. Thus with appellant's acquiescence or assistance the record was made in the court below in a manner to deny the existence of the ground of appeal and to assert that there was a hearing and decision respecting the existence in fact of any reason for rejecting the composition and refusing a discharge.

Appellant nevertheless insists upon a reversal for the reason that, "if the hearing was upon evidence, it was incumbent upon appellees, as seeking to sustain the order, to preserve the evidence in the record,"

and (we add) to bring it to the reviewing court. It is needless to test whether appellant's proposition is sustained by its citations of Conn v. Penn, 5 Wheat. 424, 5 L. Ed. 125; Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521, and First National Bank v. Abbott, 165 Fed. 852, 91 C. C. A. 538, under former rules, for under present equity rule 46 (33 Sup. Ct. xxxi) respecting oral testimony in open court, and equity rule 75, (33 Sup. Ct. xl) concerning an appellant's duty to procure the trial judge's certification of the evidence (like a bill of exceptions on the law side) and his duty to file it with the clerk of the trial court and his duty to include within his præcipe those portions of the record which establish the existence of error in the decree, there is no room for contending that error must be presumed.

The order is affirmed.