### GOODWIN et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. February 12, 1924.)

No. 3983.

1. **Food ⬥⟾24—Condemnation proceedings under Food and Drugs Act reviewable by writ of error.**

　　The judgment in proceedings for condemnation of property, under Food and Drugs Act, § 10 (Comp. St. § 8726), is reviewable by writ of error, and not by appeal.

2. **Courts ⬥⟾405(1)—Transfer of appeal erroneously taken, to law side.**

　　Under Act Sept. 6, 1916, § 4 (Comp. St. § 1649a), where an appeal was erroneously taken from a judgment of condemnation under Food and

⬥⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Drugs Act, the case will be transferred to the law side, and to render the transfer effective a statement of the evidence, conforming to equity rule 75, though not allowed and signed until after the term, and therefore not good as a bill of exceptions, may be treated and considered as such.

Appeal from District Court of the United States for the Western Division of the Southern District of Ohio.

Action by the United States against Idie C. Goodwin and others. From the judgment, defendants appeal. On motion to dismiss. Case transferred to law side.

T. V. Maxedon, of Cincinnati, Ohio, for appellants.

Benson W. Hough, U. S. Atty., of Columbus, Ohio, and Haveth E. Mau, Asst. U. S. Atty., of Cincinnati, Ohio.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. This was a proceeding brought under the Pure Food and Drugs Law (Comp. St. §§ 8717–8728), commenced by filing a libel in the District Court against the property sought to be condemned. There was a trial by jury, and a judgment of condemnation.

From this judgment the claimants appealed, petitioning for an appeal, procuring an allowance, and filing assignments of error—all as in an equity case. After the expiration of the trial term, and without any order made during that term extending time, the District Court approved the paper which is printed in the record under the caption "Bill of Exceptions," but which was filed in connection with an order extending time "to perfect the reducing of the testimony in the above-entitled cause to narrative form." In the stipulation of counsel as to what papers should make up the record, this document was called "statement of evidence." In connection with its signature and approval by the District Judge, it was nameless.

[1] It is apparent that, under the rule stated in Four Hundred and Forty-Three Cans, etc., v. United States, 226 U. S. 172, 179, 184, 33 Sup. Ct. 50, 57 L. Ed. 174, these review proceedings were confused and mistaken. Review should have been by writ of error, and this would necessitate dismissing the appeal, save for the effect of section 4 of the Act of September 6, 1916 (39 Stat. p. 727 [Comp. St. § 1649]), which directs that such a mistake shall be disregarded and the appellate court shall "take the action which would be appropriate if the proper appellate procedure had been followed."

[2] In compliance with this statute it is clear that the appeal should be treated as a writ of error; that, so far as the record may justify, further proceedings in this court should be as upon a writ of error; and that the reviewing jurisdiction and powers of this court will be in all respects the same as upon a review at law. Proper disposition of the so-called bill of exceptions is not so plain. If the review proceedings had from the beginning been at law, it would be necessary to strike out the bill of exceptions, because not settled within the trial term, or within any extension made during that term (Exporters, etc., v. Butterworth Co., 258 U. S. 365, 368, 42 Sup. Ct. 331, 66 L. Ed. 663); but it would be of small avail for the appellate court to transfer a case from the equity to the law side, and at the same time leave

the record fatally defective, because it had been made up under the wrong theory. We think a compliance with the spirit of this section 1649a requires these conclusions: (1) That the so-called bill of exceptions shall be deemed to be a statement of evidence in narrative form under general equity rule 75 (our rule 15), containing the substance of all the evidence (Westerman v. Dispatch Co. [C. C. A. 6] 233 Fed. 609, 611, 612, 147 C. C. A. 417); (2) that this narrative statement be therefore treated as filed in due time, since the limitation to the trial term does not extend to the settling of such a statement of evidence (In re General Equity Rule 75 [C. C. A. 6] 222 Fed. 884, 138 C. C. A. 574); (3) that by analogy to the transfer of a case from the equity to the law side of a court, and by applying the "proper appellate procedure," nunc pro tunc, such statement of evidence becomes, and is, the bill of exceptions, as upon a writ of error.

The case will therefore proceed to hearing upon these principles. All the motions of the respective parties, except as herein granted, are denied.