PATTERSON ET AL. v. MOBILE GAS COMPANY.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA.

No. 226.   Argued March 19, 1926.—Decided April 26, 1926.

1. Failure to make up a record in accordance with the rule is cause for dismissing an appeal. P. 132.

2. Decree *affirmed,* in so far as it enjoined enforcement of an order establishing confiscatory gas rates; but *reversed* in so far as it undertook to adjudge a basic valuation of the company's property, as of a specified date, conclusive on the State for future rate-making purposes, and in so far as it undertook to specify the per cent. of net profit, the depreciation, and other allowances to which the company should be entitled, including amortization of expenses of the suit and of losses resulting from the enjoined rates, and to restrain further examination of the company's books and papers for the purpose of impairing the aforesaid basic valuation.   P. 134.

3. Prior to the Jurisdictional Act of February 13, 1925, a single District Judge, holding the court on final hearing, had power to award a permanent injunction at variance with the views held by Circuit Judges when the same matter was considered by the special court on application for preliminary injunction; but such power was to be cautiously exercised.   P. 136.

290 Fed. 476, affirmed in part; reversed in part.

APPEAL from a decree of perpetual injunction in a suit in the District Court brought by the Gas Company to restrain the members of the Alabama Public Service Commission from enforcing a confiscatory rate schedule, and for other relief.

*Mr. Hugh White,* with whom *Messrs. Harwell G. Davis,* Attorney General of Alabama, and *F. J. Yerger* were on the briefs, for appellants.

*Mr. Harry T. Smith* for appellee.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

The record in this cause has been made up with such disregard of the rules that we cannot undertake to examine the evidence or to discuss seriatim the thirty-four jumbled assignments of error.   It would be permissible to dismiss the appeal, *Newton* v. *Consolidated Gas Co.,* 258 U. S. 165, 174; but, considering the public interest and with purpose to prevent any serious miscarriage of

justice, we have examined the pleadings, the master's re-
port, the opinions and the decrees. In the circumstances
we think the proper course is to modify and then to affirm
the decree of the court below.

By an original bill of August 14, 1922, the Gas Com-
pany asked that members of the Alabama Public Service
Commission be restrained from attempting to enforce a
rate schedule which it alleged was confiscatory.

A supplemental bill, filed April 18, 1923, after referring
to the original bill and proceedings thereunder, among
other things, alleged: That, as provided by the Act of the
Alabama Legislature approved October 1, 1920, the Com-
mission ascertained and declared the value of the Com-
pany's property for rate-making purposes as of December
31, 1921, at the latter's request and expense. That this
valuation was made under a valid contract with the State
and she was obligated to accept it for rate-making pur-
poses. That by an unconstitutional Act approved Febru-
ary 13, 1923, the Legislature undertook to authorize, and
the Commission intended to make, another valuation.
That so to do would violate the contract which the State
deliberately entered into and greatly injure the Company.
In addition to the relief originally asked the prayer was
for a decree declaring the Commission's valuation final
for all rate-making purposes and the challenged Act in-
valid. Also for an injunction restraining the Commission
from attempting to establish any new valuation for rate-
making purposes.

Upon application for an injunction under the supple-
mental bill the District Court—composed of two circuit
judges and one district judge—held (June 4, 1923) that
no continuing contract between the State and the Com-
pany resulted from the Commission's action in respect of
the first valuation and refused to enjoin the proposed
revaluation. District Judge Clayton expressed another
view.

Later—October 31, 1923—the District Court, Judge Clayton only presiding, entered the following final decree—

" 1. That the value of the properties of the Mobile Gas Company as of December 31st, 1921, has been definitely fixed for the future rate-making purpose by contract entered into by the State of Alabama, acting by and through the Alabama Public Service Commission, on the one part, and the Mobile Gas Company, on the other part, and that the defendants in this case and their successors in office, are hereby forever enjoined from attempting to impair the obligations of this contract by failing or refusing to accept the said valuation as a permanent basic valuation as of December 31st, 1921, for all future rate-making purposes.

" 2. Also, that the tariff of rates established by the Alabama Public Service Commission, by its order of July 24th, 1922, is confiscatory and void, and further that the Mobile Gas Company is entitled to earn a net profit of eight per cent. (8%) per annum upon $2,007,520.68, consisting of $1,969,565.00, which was established as the permanent basic valuation of the plaintiff's property as of December 31st, 1921, and $37,955.68, which covers additions to property from December 31st, 1921, to December 31st, 1922, and that in ascertaining said net profit the plaintiff must be allowed a depreciation reserve of two and one-half per cent. (2½%) upon the value of the property, and a further credit of $25,000.00, amortized over a period of five years, on account of the expenses incurred in resisting the enforcement of said confiscatory tariff of rates; and also to a further credit of $27,025.77, amortized over a period of five years, being losses imposed upon the plaintiff between August 12th, 1920 and November 1st, 1920, by reason of the refusal of the Alabama Public Service Commission to permit the operation of a schedule of rates filed by the plaintiff on August 12th, 1920.

" 3. That defendants, Andrew G. Patterson, Fitzhugh Lee and Frank P. Morgan, and their successors in office, as members of the Alabama Public Service Commission be and they are hereby forever enjoined from enforcing or attempting to enforce the said tariff of rates promulgated by the order of the Alabama Public Service Commission on July 24th, 1922, or from establishing or attempting to enforce any other tariff of rates which is insufficient to produce a return of eight per cent. (8%) per annum upon the then value of the plaintiff's properties used and useful in the public service, assuming as a basic valuation of said company's property on the 31st day of December, 1922, the sum of $2,007,520.68. The Court reserves the power to modify said injunction at any time when, by reason of changed conditions, any tariff of rates, the establishment and enforcement of which is hereby forbidden, may become compensatory.

" 4. Also that the defendants, and their successors in office, are hereby forever enjoined from compelling or attempting to compel the plaintiff to submit its properties, books, documents, accounts and vouchers, to examination by the Alabama Public Service Commission, or its representatives for the purpose of repudiating or in any wise impairing the valuation of the plaintiff's properties as of the 31st day of December, 1921, as a basic valuation for future rate-making purposes.

" 5. Also, that a writ of permanent injunction issue from this Court in accordance with this decree.

" 6. The exceptions to the report of the Special Master are hereby overruled, and the said report is hereby approved and confirmed."

To that portion of this decree which adjudged the rate schedule prescribed by the Commission's order of July 24, 1922, confiscatory and enjoined any attempt to enforce it we find no reason to object, and to that extent it is affirmed.

The remaining portions of the decree must be eliminated. We think they were improvident and go materially beyond what the circumstances require. But whether or not they announce correct conclusions of law, we do not decide. The matters to which they relate are left open and subject to further and future original consideration by any proper tribunal. While within his powers as the law then stood, the District Judge went very far when he entirely disregarded the views of the circuit judges who sat on the specially-constituted court. The statute was materially changed by the Act of February 13, 1925, c. 229, 43 Stat. 936, 938, and now causes like this must be finally adjudicated by a court composed of three judges. To such a court we think the questions to which those portions of the decree relate ought to go before we undertake finally to pass upon them.

The approved portion of the decree will protect the Company against immediate danger of serious injury; and if hereafter its rights are threatened by further unlawful interference application for relief may be made to the proper specially-constituted district court.

With the indicated modifications the decree below is affirmed. All costs will be charged against the appellants.

MR. JUSTICE SANFORD concurs in the result.