BARBER ASPHALT PAVING CO. v. STANDARD ASPHALT & RUBBER CO.

(Circuit Court of Appeals, Seventh Circuit. December 13, 1926. Rehearing Denied January 14, 1927.)

No. 3614.

1. Courts ☞332—Equity rules have force of statutes.

Equity rules have force of statutes.

2. Courts ☞356—Trial court has no power to direct that all testimony in case be reproduced in record on appeal in exact words of witnesses (equity rule 75).

Under equity rule 75, trial court has no power to direct that all testimony be reproduced in record on appeal in exact words of witnesses on request of defendant, only power of approval vested in court being to see that statement of evidence complies with rule.

3. Courts ☞356—Evidence in statement on appeal must be condensed and stated in narrative form, except as to part directed to be reproduced in exact words of witnesses (equity rule 75).

Equity rule 75 requires that evidence in statement on appeal be condensed, and stated in narrative form only, except that, if either party so desires, court may direct any part of testimony to be reproduced in exact words of witnesses.

4. Courts ☞356—Decree will be affirmed, where errors assigned necessitate consideration of evidence printed verbatim in voluminous record (equity rules 75, 76).

Where entire testimony is printed verbatim in voluminous record, in violation of equity rules 75, 76, and errors assigned can only be determined by consideration of evidence, decree will be affirmed.

Appeal from the District Court of the United States, for the Southern Division of the Southern District of Illinois.

Patent infringement suit by the Standard Asphalt & Rubber Company against the Barber Asphalt Paving Company. Decree for plaintiff, and defendant appeals. Affirmed.

See, also, 240 F. 749.

Charles Neave, of New York City, and Henry N. Paul, of Philadelphia, Pa., for appellant.

A. F. Reichmann, of Chicago, Ill., for appellee.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. The suit by appellee, called plaintiff, against appellant, called defendant, charged infringement of Culmer patents, Nos. 635,429 and 635,430. Judge Humphrey's decree, filed February 20, 1917, found infringement, ordered an accounting, and appointed a master to make an accounting. As the patents had expired, no injunction was ordered.

Judge Humphrey died in June, 1918. Judge FitzHenry, on April 30, 1924, entered a final decree on the accounting in favor of plaintiff. July 1, 1924, appeal was allowed, assignment of errors filed, and citation issued. Supersedeas bond was filed July 5, 1924. On defendant's request, 12 30-day extensions of time for filing the record in this court were allowed, the last one expiring July 26, 1925.

On April 24, 1925, nearly 300 days after the citation, defendant served upon plaintiff a præcipe, in part as follows: "Please prepare a transcript of the record in the above-entitled cause for use on appeal, including therein copies of the following: * * * Certificate of evidence, consisting of printed pages 24 to 1215, inclusive, pages 1222 to 4591, inclusive, and the following exhibits. * * * " Preceding that item were requests for the pleadings and some other items. Following it was a request for a portion of the exhibits. No condensed statement of the evidence was filed.

June 24, 1925, two days before the expiration of the last extension, the clerk of the District Court attached his certificate to the record. On July 3, 1925, one copy of the record was filed in this court. The required number of copies were filed November 2, 1925. November 9, 1925, plaintiff moved to dismiss the appeal because no proper record had been filed here, one reason being that there was no certificate of evidence as required by equity rule 75. Sixty days thereafter defendant moved to remit the record to the District Court for its certificate and for other purposes. January 29, 1926, that motion was allowed. April 13, 1926, two years after the final decree, the District Court's certificate to the record was filed here.

As originally filed, the record, of nearly 5,000 pages, was printed in 9 volumes, apparently containing everything in the proceedings in the court below. Nothing was eliminated; nothing condensed. The court's belated certificate neither required nor made any change in the record already here, except in two particulars: It did not certify, but directed the clerk of the District Court to certify, certain exhibits, which were already in the record, and to amend the record and add "any file marks appearing upon the original stenographer's transcript," etc. The clerk complied with the first direction, but we are unable to determine whether or not he complied with the second. The court or-

dered, as a part of his certificate: "Upon the request of the said defendant * * * the court hereby directs that all the testimony in this cause be reproduced in the exact words of the witnesses, and not in narrative form." The record is here, with. the judge's certificate added, just as it came originally, except that the four exhibits, directed to be added by the clerk, are now in the record twice.

Plaintiff is insisting on its motion to dismiss for failure to comply with equity rule 75.[1] Fourteen years ago, the Supreme Court,

---

[1] 75. *Record on Appeal—Reduction and Preparation.* In case of appeal: (a) It shall be the duty of the appellant or his solicitor to file with the clerk of the court from which the appeal is prosecuted, together with proof or acknowledgment of service of a copy on the appellee or his solicitor, a præcipe which shall indicate the portions of the record to be incorporated into the transcript on such appeal. · Should the appellee or his solicitor desire additional portions of the record incorporated into the transcript, he shall file with the clerk of the court his præcipe also within ten days thereafter, unless the time shall be enlarged by the court or a judge thereof, indicating such additional portions of the record desired by him.

(b) The evidence to be included in the record shall not be set forth in full, but shall be stated in simple and condensed form, all parts not essential to the decision of the questions presented by the appeal being omitted and the testimony of witnesses being stated only in narrative form, save that if either party desires it, and the court or judge so directs, any part of the testimony shall be reproduced in the exact words of the witness. The duty of so condensing and stating the evidence shall rest primarily on the appellant, who shall prepare his statement thereof and lodge the same in the clerk's office for the examination of the other parties at or before the time of filing his præcipe under paragraph (a) of this rule. He shall also notify the other parties or their solicitors of such lodgment and shall name a time and place when he shall ask the court or judge to approve the statement the time so named to be at least ten days after such notice. At the expiration of the time named or such further time as the court or judge may allow, the statement, together with any objections made or amendments proposed by any party, shall be presented to the court or the judge, and if the statement be true, complete and properly prepared, it shall be approved by the court or judge, and if it be not true, complete or properly prepared, it shall be made so under the direction of the court or judge and shall then be approved. When approved, it shall be filed in the clerk's office and become a part of the record for the purposes of the appeal.

(c) If any difference arise between the parties concerning directions as to the general contents of the record to be prepared on the appeal, such difference shall be submitted to the court or judge in conformity with the provisions of paragraph (b) of this rule, and shall be covered by the directions which the court or judge may give on the subject.

---

approving a record in a case then before it, said it was in compliance with the spirit of rules 75, 76, and 77, "which call for just such a winnowing out of the useless; the presentation of only the relevant parts of exhibits, documents, tables, and reports; and the elimination of all reduplications in written and oral testimony and a condensation into narrative form of what is material to the then issue before the court." Louisville & Nashville R. R. Co. v. U. S., 238 U. S. 11, 35 S. Ct. 696, 698 (59 L. Ed. 1177). Since then the Supreme Court and many Circuit Courts of Appeals have pointed out the purpose of the rule and the necessity of observing it, but the condition of this record and of numerous other records before us at this term indicates that transition from the old practice to that under rule 75 has been neither accomplished nor commenced.

By order of the Supreme Court, the rule became effective February 1, 1913. In 1914, the Sixth Circuit Court of Appeals, in Re General Equity Rule 75 and Our Rule 15, 222 F. 884, held that, without an order made at the term decree is entered, carrying the matter over to the next term, the court has the power, at a subsequent term, to approve and direct the filing of the statement of evidence required by rule 75 (see, also, Goodwin v. U. S. [6th C. C. A., 1924] 295 F. 856); that the perfection of the appeal by the approval of the bond and signing of citation yet leaves in the court the jurisdiction to settle the evidence, that proceeding being ministerial; that, where the rule is wholly disregarded, the drastic remedy of dismissal may be necessary, and, where the record reaches the court containing the evidence in full, general equity rule 76 provides a remedy which, at least during the transition· in general practice, will be sufficient. Struett v. Hill (9th C. C. A., 1920) 269 F. 247, adopted and followed the above practice. Sussex Land & Livestock Co. v. Midwest Refining Co. (8th C. C. A., 1923) 294 F. 597, 600, 34 A. L. R. 249, followed the Sixth and Ninth Circuit holdings, supra. The rule was before the court, in an incidental way, in U. S. v. Great Northern Ry. Co. (9th C. C. A., in 1918) 254 F. 522, 526. In Carson v. Hunt (5th C. C. A., 1918) 250 F. 30, 33, where a statement of the evidence was prepared by the parties, but not approved by the court, and there was nothing to show that it contained all the evidence, the court said it would be presumed that there was other evidence in the record to support the decree.

In Buessel v. U. S. (2nd C. C. A., 1919)

258 F. 811, 824, the equity practice prior to the rule is reviewed. The court said: "Whatever may or may not have been the practice in this circuit prior to 1912 in the matter of preparing the record in an appeal, the subject is governed by rules 75, 76, and 77, as framed by the Supreme Court, and there is no power in this court to exempt a particular case from their operation. The rules, having been promulgated under the authority of an act of Congress, have the authority of statutory regulation. Winter v. Ludlow, 104[30] Fed. Cas. 331, No. 17,891." The court further said: "As the testimony in the transcript in this case is not there in conformity to rule 75, we cannot consider it."

In Buckeye Cotton Oil Co. v. Ragland (5th C. C. A., 1926) 11 F.(2d) 231, 232, the court said: "We are of opinion that equity rule 75 does not contemplate that the trial court will order all the testimony in a case sent up in question and answer form. If particular answers of a witness are subject to different interpretations, the questions which elicited such answers frequently aid in determining which interpretation is correct. For that reason the rule provides, by way of exception, 'that if either party desires it, and the court or judge so directs, any part of the testimony shall be reproduced in the exact words of the witness.' That rule was designed to prevent the imposition of such a record as this upon an appellate court. Newton v. Consolidated Gas Co., 258 U. S. 165, 42 S. Ct. 264, 66 L. Ed. 538; Houston v. Telephone Co., 259 U. S. 318, 42 S. Ct. 486, 66 L. Ed. 961. * * * We will not enforce the rule in this case, but only for the reason that counsel might have construed the order allowing the appeal to authorize the record in its present shape."

In Re Jewell Electrical Instrument Co. (7th C. C. A., 1922) 283 F. 978, 980, this court said: "It is needless to test whether appellant's proposition is sustained by its citations of Conn v. Penn, 5 Wheat. 424, 5 L. Ed. 125, Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521, and First Nat. Bank v. Abbott, 165 F. 852, 91 C. C. A. 538, under former rules, for under present equity rule 46 * * * respecting oral testimony in open court, and equity rule 75 * * * concerning an appellant's duty to procure the trial judge's certification of the evidence (like a bill of exceptions on the law side) and his duty to file it with the clerk of the trial court and his duty to include within his præcipe those portions of the record which establish the existence of error in the decree, there is no room for contending that error must be presumed."

In Newton v. Consolidated Gas Co. (1911) 258 U. S. 165, 173, 42 S. Ct. 264, 266 (66 L. Ed. 538), the court said, in part: "Equity rules 75 and 76 direct that records on appeal shall not set forth the evidence fully but in simple condensed form and require omission of nonessentials and mere formal parts of documents. Without apparent attempt to comply with these rules and with assent of appellee's counsel, appellants in No. 257 have filed a record of 21 volumes—20,000 printed pages—made up largely of stenographic reports of proceedings before the master, with hundreds of useless exhibits and many thousand pages of matter without present value. This is indefensible practice, which we shall hereafter feel at liberty to punish to the limit of our discretion—possibly by dismissal of the appeal. These rules were intended to protect the courts against useless, burdensome records, and litigants from unnecessary costs and delay. Counsel ought to comply with them, and trial courts should enforce performance of this plain duty." See, also, Patterson v. Mobile Gas Co., 271 U. S. 131, 46 S. Ct. 445, 70 L. Ed. 870.

In Houston v. Southwestern Tel. Co. (1921) 259 U. S. 318, 325, 42 S. Ct. 486, 489 (66 L. Ed. 961), the court said: "Equity rule No. 75 provides that evidence to be included in the record shall not be set forth in full, but shall be stated in a simple and condensed form, and rule 21 of this court provides that briefs of the argument shall be filed in each case, with references to the pages of the record and the authorities relied upon in support of each point. The first of these rules has been wholly ignored in the printing of this record and the second has been so neglected in the preparation of the briefs that it is impossible for the court to consider this question except by itself reading and briefing the voluminous record. This we cannot consent to do, and for the reason that the record and briefs are not prepared in conformity with the rules prescribed by this court, we decline to consider this assignment of error."

Outstanding provisions of the rule are that (a) all parts of the evidence not essential to the decision presented by appeal shall be omitted; (b) the evidence shall not be set forth in full, but shall be stated in condensed form; (c) testimony of witnesses shall be stated only in narrative form, save that the court may direct any part of the testimony to be reproduced in the exact words

of the witness; (d) the burden of preparing the statement of the evidence, filing it with the clerk at or before the time of filing the præcipe, notifying the appellee and fixing a date for hearing before the judge, are placed on the appellant; (e) when the parties and the court have made up a statement that is "true, complete and properly prepared," the court is empowered and required to approve it.

[1-3] Excuse for not complying with (a), (b) and (c) is not attempted. For failure, during the two years between the final decree and the District Court's certificate, to comply with (d) no reason is offered. Since then it is urged that the court ordered as follows: "Upon request of said defendant * * * the court hereby directs that all the testimony in this cause be reproduced in the exact words of the witnesses."

It is not within the power of the District Court or Judge to make such an order. The order is not in harmony with the spirit of rule 75. The equity rules have the force of statutory enactments. Buessel v. U. S., supra. The duty of the court or judge in connection with the preparation of the statement is set out in the rule. The only power of approval vested in the court is found in the following language of the rule: "If the statement," when presented, "be true, complete, and properly prepared, it shall be approved by the court or judge." That must mean that it shall comply with the rule.

In a proper statement, the evidence (a) must be condensed; (b) all parts not essential to a decision of the questions on appeal shall be omitted; and (c) the testimony of witnesses must be stated in narrative form only, with the single exception "That if either party desires it and the court or judge so directs, any part of the testimony shall be reproduced in the exact words of the witness." That provision means that, when the court or judge, being familiar with the evidence, finds that to properly present the questions on appeal, it is desirable that a part of the testimony of a witness shall be reproduced in his exact words, he may so direct. It is not within the purpose and spirit of the rule to put in a statement the whole of the testimony of any witness or of all the witnesses.

[4] No question raised by the errors assigned can be determined without a consideration of the evidence, and, it not being properly before us, the decree is affirmed.